THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEPHEN W. HOWER, Defendant-Appellant.

Fourth District   No. 4—83—0122

Opinion filed November 9, 1983.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

In this appeal the defendant, Stephen W. Hower, challenges a judgment for reimbursement of the cost of court-appointed counsel entered against him by the trial court pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1). Because counsel was appointed to represent Hower against his wishes, we reverse the judgment for reimbursement.

On August 31, 1982, Hower, then age 17, was charged with one count of burglary under section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 19—1). In an affidavit of assets and liabilities filed with the trial court, Hower indicated that he had no source of

income and assets amounting to $400 in borrowed cash. The trial judge found Hower to be indigent and advised him of his right to counsel. Hower told the court that he did not wish to be represented by counsel because he was already indebted to his parents in the amount of $1,500 for attorney fees relating to a prior case and he intended to plead guilty to the current charge. Notwithstanding Hower's statements to the court, the State's Attorney requested the court to appoint the public defender, and the trial court did so making special note of Hower's age and of the request of the State that counsel be appointed.

On September 3, 1982, a plea agreement negotiated by Hower and the State was presented to the court. Under the agreement, Hower was to plead guilty to the pending charge and admit to the allegations contained in a petition for revocation of probation. In return, he was to be sentenced to concurrent three-year terms of imprisonment with credit for time spent in custody, plus costs and restitution in both cases. The public defender appointed to represent Hower appeared at the time the plea was presented to the court and stated for the record that she had recommended against the agreement, but that Hower chose to ignore her advice. After hearing the terms of the agreement, the trial judge conditionally concurred in the plea and the cause was continued for preparation of a presentence report. Following receipt of the report the trial judge accepted the plea and admissions, and Hower was sentenced according to the agreement.

After sentencing, the State filed a motion pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 seeking reimbursement from Hower for cost of the services of the public defender. In response to a court order, the public defender submitted an affidavit showing that she had spent 2½ hours on the case. The trial judge, after a hearing at which Hower was not present, entered judgment in favor of the county and against Hower in the amount of $125 for the cost of the public defender's services.

On appeal, Hower raises several issues relating to the judgment for reimbursement. He first contends that the reimbursement order was improper because the public defender was appointed to represent him against his wishes. Because we agree with Hower's first contention, we need not reach the remaining issues.

Section 113—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—5) provides:

> "No person under the age of 18 years shall be permitted to plead guilty, guilty but mentally ill or waive trial by jury in any case except where the penalty is by fine only unless he is represented by counsel in open court."

Similarly, Supreme Court Rule 403 (87 Ill. 2d R. 403) provides:

"A person under the age of 18 years shall not be permitted to waive indictment or, except in cases in which the penalty is by fine only, to enter a plea of guilty or to waive trial by jury, unless he is represented by counsel in open court."

Section 113—3.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1(a)) provides in part:

"Whenever under either section 113—3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for some or all of the costs of court-appointed counsel."

Section 113—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3) and Supreme Court Rule 607 (87 Ill. 2d R. 607), to which the recoupment provision of section 113—3.1(a) of the Code of Criminal Procedure of 1963 refers, provide for the appointment of counsel for indigent defendants who desire counsel in the trial court and on appeal.

In the case before us, Hower, at the time of his arraignment and plea, was a person under the age of 18 charged with a Class 2 felony. Because of Hower's age, his expressed intention to waive trial by jury and to enter a plea of guilty, and the penalty to be imposed, the trial court was correct in appointing counsel to represent Hower despite Hower's indications to the court that he did not wish to be represented by counsel.

Because Hower's representation by counsel in the trial court, however, was mandated by section 113—5 of the Code of Criminal Procedure of 1963 and Supreme Court Rule 403, we find the recoupment provisions of section 113—3.1 inapplicable to the present case.

As noted, the recoupment provisions of section 113—3.1 apply to those cases in which counsel has been appointed to represent an indigent defendant who desires counsel, not to those defendants who wish to waive counsel but are required to be represented by counsel under the provisions of section 113—5 and Supreme Court Rule 403.

For the reasons stated, the judgment for reimbursement of the costs of court-appointed counsel entered against Hower in the trial court is reversed.

Reversed.

MILLS and TRAPP, JJ., concur.